UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ACCESS 4 ALL, INC., a Florida not for profit      :
corporation, and JOE HOUSTON, Individually,      :
                                                  :
            Plaintiffs,                           :
                                                  :   Case No.
v.                                                :
                                                  :
TSA STORES, INC.,                                 :
            Defendant.                            :
_____/ :
                                                  :
                                                  :
                                                  :

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiffs, ACCESS 4 ALL, INC., a Florida Non Profit Corporation, and JOE HOUSTON,

Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes

referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, TSA STORES, INC.,

(sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation

expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

("ADA") and Florida Accessability Code ("FAC").

1.      Plaintiff, ACCESS 4 ALL, INC.., is a non-profit corporation formed under the laws of the

        State of Florida.  ACCESS 4 ALL, INC. maintains its principal office at 3200 Palm Aire

        Drive North Suite 505, Pompano Beach, FL 33069, Florida, in the County of Broward.

2.      Defendant's properties, which give rise to this lawsuit are Sports Authority stores located

        in

        Miami-Dade, Broward and Palm Beach Counties.

3.      Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the situs of the Defendant's properties. The Defendant's properties are located in,  and the  Defendant does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5.      Plaintiff JOE HOUSTON  is a Florida resident and  is sui juris. He is paralyzed and must use a wheelchair.  He has limited upper body strength and limited use of his hands. He is unable to operate mechanisms that require tight gripping, pinching or twisting of the wrists. Mr. Houston therefore qualifies as an individual with disabilities as defined by the ADA. Plaintiff has visited the properties which form the basis of this lawsuit and plans to return to the properties to avail himself of the goods and services offered to the public at the properties, and to determine whether the properties have been made ADA compliant.  The Plaintiff has encountered architectural barriers at the subject properties.  The barriers to access at the property have endangered his safety. The Plaintiff is also a member of the Plaintiff organization, ACCESS 4 ALL, INC., discussed below in paragraph 6.

6.      Plaintiff ACCESS 4 ALL, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and

2

that its members are not discriminated against because of their disabilities.  ACCESS 4 ALL, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right.  ACCESS 4 ALL, INC. has also been discriminated against because of its association with its disabled members and their claims.    Plaintiffs are deterred from, and are denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and  accommodations at Defendant's properties equal to that afforded to other individuals.  Plaintiffs are aware that it would be a futile gesture to attempt to visit Defendant's properties if they wish to do so free of discrimination.

7.    Defendant owns, leases, leases to, or operates  places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The places of public accommodation that the Defendant owns, operates, leases or leases to are  known as Sports Authority stores. ACCESS 4 ALL, INC. and JOE HOUSTON have a realistic, credible, existing  and continuing threat of  discrimination from the Defendant's non-compliance with the ADA and FAC with respect to this properties as described but not necessarily limited to the allegations in paragraph 10 of this Complaint.  Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. JOE HOUSTON desires to visit the Defendant's properties not only to avail himself of the goods and services available at the properties but

3

to assure himself that the properties are in compliance with the ADA and FAC so that he and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

8.      The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9.      The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

10.     A preliminary inspection of the property has shown that violations exist. These violations include, but are not limited to:

**3895 W. 20th Avenue, Hialeah, Florida**

**Access to Goods and Services**

1.   There is insufficient clearance for customers to access all parts and merchandise of the store, violating sections 4.3.1 and 4.3.3. of the ADAAG, whose resolution is readily achievable.

2.   The facility fails to adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 28 C.F.R. Part 36.302.

3.   The facility fails to properly maintain accessible features and equipment required to be readily accessible to and usable by persons with disabilities in violation of 28 C.F.R. Part 36.211.

**Restrooms**

4

4. The facility fails to provide protective features in all the restrooms , Violating section 4.19.4 of the ADAAG, whose resolution is readily achievable.

## 18499 N. Federal Highway, Aventura, Florida

### Access to Goods and Services

1. There is insufficient clearance for customers to access all parts and merchandise of the store, violating sections 4.3.1 and 4.3.3. of the ADAAG, whose resolution is readily achievable.

2. The facility fails to adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 28 C.F.R. Part 36.302.

3. The facility fails to properly maintain accessible features and equipment required to be readily accessible to and usable by persons with disabilities in violation of 28 C.F.R. Part 36.211.

### Restrooms

4. The facility fails to provide protective features in all the restrooms , Violating section 4.19.4 of the ADAAG, whose resolution is readily achievable.

5. There is insufficient access to all essential parts of the of the restroom, required by section 4.16.5 of the ADAAG, whose resolution is readily achievable.

6. The facility fails to provide the proper arrangement of the toilet stall, violating section 4.16.6 of the ADAAG, whose resolution is readily achievable.

## 1901 N. Federal Highway, Fort Lauderdale, Florida

### Access to Goods and Services

1. There is insufficient clearance for customers to access all parts and merchandise of the store, violating sections 4.3.1 and 4.3.3. of the ADAAG, whose resolution is readily achievable.
2. The facility fails to adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 28 C.F.R. Part 36.302.

3.   The facility fails to properly maintain accessible features and equipment required to be readily accessible to and usable by persons with disabilities in violation of 28 C.F.R. Part 36.211.

**Restroom**

4.   The facility fails to provide the proper arrangement of the toilet stall, violating section 4.16.6 of the ADAAG, whose resolution is readily achievable.

### 3801 W. Hillsboro Blvd., Deerfield Beach, Florida

**Access to Goods and Services**

1.   There is insufficient clearance for customers to access all parts and merchandise of the store, violating sections 4.3.1 and 4.3.3. of the ADAAG, whose resolution is readily achievable.

2.   The facility fails to adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 28 C.F.R. Part 36.302.

3.   The facility fails to properly maintain accessible features and equipment required to be readily accessible to and usable by persons with disabilities in violation of 28 C.F.R. Part 36.211

**Restrooms**

4. The facility fails to provide required grab bars in all restrooms in violation of Section 4.17.6 and4.16.4 of the ADAAG whose resolution is readily achievable.

5.   There is insufficient access to all essential parts of the of the restroom, required by section 4.16.5 of the ADAAG, whose resolution is readily achievable.

6.   The facility fails to provide the proper arrangement of the toilet stall, violating section 4.16.6 of the ADAAG, whose resolution is readily achievable.

### 820 S. State Road 7, Wellington, Florida

**Access to Goods and Services**

1.  There is insufficient clearance for customers to access all parts and merchandise of the store, violating sections 4.3.1 and 4.3.3. of the ADAAG, whose resolution is readily achievable.

2.  The facility fails to adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 28 C.F.R. Part 36.302.

3.  The facility fails to properly maintain accessible features and equipment required to be readily accessible to and usable by persons with disabilities in violation of 28 C.F.R. Part 36.211

**Restrooms**

4. The facility fails to provide required grab bars in all restrooms in violation of Section 4.17.6 and4.16.4 of the ADAAG whose resolution is readily achievable.

5.  There is insufficient access to all essential parts of the of the restroom, required by section 4.16.5 of the ADAAG, whose resolution is readily achievable.

6.  The facility fails to provide the proper arrangement of the toilet stall, violating section 4.16.6 of the ADAAG, whose resolution is readily achievable.


**363 N. Congress Avenue, Boynton Beach, Florida**

**Access to Goods and Services**

1.  There is insufficient clearance for customers to access all parts and merchandise of the store, violating sections 4.3.1 and 4.3.3. of the ADAAG, whose resolution is readily achievable.

2.  The facility fails to adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 28 C.F.R. Part 36.302.

3.  The facility fails to properly maintain accessible features and equipment required to be readily accessible to and usable by persons with disabilities in violation of 28 C.F.R. Part 36.211.

**Restrooms**

4.   The restroom door has improper hardware for disabled persons, in violation of Section 4.13.9 of the ADAAG, whose resolution is readily achievable.

5.   The facility fails to provide the proper arrangement of the toilet stall, violating section 4.16.6 of the ADAAG, whose resolution is readily achievable.

## 510 Linton Blvd., Delray Beach, Florida

### Access to Goods and Services

1.   There is insufficient clearance for customers to access all parts and merchandise of the store, violating sections 4.3.1 and 4.3.3. of the ADAAG, whose resolution is readily achievable.

2.   The facility fails to adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 28 C.F.R. Part 36.302.

3.   The facility fails to properly maintain accessible features and equipment required to be readily accessible to and usable by persons with disabilities in violation of 28 C.F.R. Part 36.211.

### Restrooms

4.   Some of the facilities do not provide the required  latch side clearance, in violation of section 4.13 of the ADAAG, whose resolution is readily achievable

## 1560 W. Indiantown Road, Jupiter, Florida.

### Access to Goods and Services

1.   There is insufficient clearance for customers to access all parts and merchandise of the store, violating sections 4.3.1 and 4.3.3. of the ADAAG, whose resolution is readily achievable.

2.   The facility fails to adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 28 C.F.R. Part 36.302.

3.   The facility fails to properly maintain accessible features and equipment required to be readily accessible to and usable by persons with disabilities in violation of 28 C.F.R. Part 36.211.

**Restrooms**

4.  The facility fails to provide the proper arrangement of the toilet stall, violating section 4.16.6 of the ADAAG, whose resolution is readily achievable.

**3350 Northlake Blvd., Palm Beach Gardens, Florida.**

**Access to Goods and Services**

1.   There is insufficient clearance for customers to access all parts and merchandise of the store, violating sections 4.3.1 and 4.3.3. of the ADAAG, whose resolution is readily achievable.

2.  The facility fails to adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 28 C.F.R. Part 36.302.

3.  The facility fails to properly maintain accessible features and equipment required to be readily accessible to and usable by persons with disabilities in violation of 28 C.F.R. Part 36.211.

**Restrooms**

4.  The facility fails to provide the proper arrangement of the toilet stall, violating section 4.16.6 of the ADAAG, whose resolution is readily achievable.

5.  The facility fails to provide protective features in all the restrooms , Violating section 4.19.4 of  the ADAAG, whose resolution is readily achievable.

6.   The restroom door has improper hardware for disabled persons, in violation of Section 4.13.9 of the ADAAG, whose resolution is readily achievable.

**2601 Okeechobee Blvd., West Palm Beach, Florida**

**Access to Goods and Services**

1.   There is insufficient clearance for customers to access all parts and merchandise of the store, violating sections 4.3.1 and 4.3.3. of the ADAAG, whose resolution is readily achievable.

2.  The facility fails to adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 28 C.F.R. Part 36.302.

3.  The facility fails to properly maintain accessible features and equipment required to be readily accessible to and usable by persons with disabilities in violation of 28 C.F.R. Part 36.211.

**Restrooms**

4.  The facility fails to provide required size and arrangement of the toilet stall, in violation of Section 4.17.3 of the ADAAG whose resolution is readily achievable.

5.  The facility fails to provide protective features in all the restrooms , Violating section 4.19.4 of the ADAAG, whose resolution is readily achievable.

6.  There is insufficient access to all essential parts of the of the restroom, required by section 4.16.5 of the ADAAG, whose resolution is readily achievable.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA and FAC  violations.  Plaintiffs require the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, the members of the Plaintiff  group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an

inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's places of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including

individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities are ones which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter the property to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA and FAC.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by

individuals with disabilities to the extent required by the ADA and FAC; and to require the

Defendant to make reasonable modifications in policies, practices or procedures, when such

modifications are necessary to afford all offered goods, services, facilities, privileges,

advantages or accommodations to individuals with disabilities; and by failing to take such

stops that may be necessary to ensure that no individual with a disability is excluded, denied

services, segregated or otherwise treated differently than other individuals because of the

absence of auxiliary aids and services.

c.   An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.   Such other relief as the Court deems just and proper, and/or is allowable under Title III of

the Americans with Disabilities Act.

*/s/ Philip Michael Cullen, III*
Thomas B. Bacon, P.A.
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301
954-462-0600
fax 954-462-1717
cullen@thomasbaconlaw.com
Florida Bar. Id. No. 167853

14